# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **IN RE MICHAEL ECHEVARRIA,**<br><br>　　　　　**Debtor,** | |
| **MICHAEL ECHEVARRIA,**<br><br>　　　　**Debtor and Plaintiff on behalf of himself and all others similarly situated,**<br><br>　v.<br><br>**BANK OF AMERICA CORPORATION; BANK OF AMERICA, NATIONAL ASSOCIATION; and FIA CARD SERVICES, N.A.,**<br><br>　　　　**Defendants.** | **CHAPTER 7**<br>**INDEX NO. 13-22693 (RDD)** |

## CLASS ACTION ADVERSARY COMPLAINT

1.　　Plaintiff, Michael Echevarria, on behalf of himself and all others similarly situated, brings this consolidated Complaint, by and through his attorneys, for declaratory judgment, injunctive relief and damages arising out of the Defendants' systematic practice of violating the discharge injunction under Section 524(a)(2) of the Bankruptcy Code, 11 U.S.C. Sections 101 *et seq*. by selling and attempting to collect discharged debts and by failing to update and correct credit information to credit reporting agencies to show that such debts are no longer due and owing because they have been discharged in bankruptcy.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in U.S.C. § 157(b)(2)(A) and (O).

3.     Venue is properly in this District pursuant to 28 U.S.C. § 1391(b)(1) and (2), as Defendant resides in this District within the meaning of § 1391(c)(2), Plaintiff resides in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

4.     Plaintiff Michael Echevarria resides at 448 East 5th Street, Apartment 2, Mount Vernon, Westchester County, New York.

5.     Upon information and belief, Bank of America Corporation is a banking association existing under the laws of the United States with a place of business in Charlotte, North Carolina and engages in continuous business within the State of New York.

6.     Upon information and belief, Bank of America, National Association is a banking association existing under the laws of the United States with a place of business in Charlotte, North Carolina and engages in continuous business within the State of New York.

7.     Upon information and belief, FIA Card Service, National Association is a banking association existing under the laws of the United States with a place of business in Wilmington, Delaware and engages in continuous business within the State of New York.

## **FACTS APPLICABLE TO THE CLASS**

8.  Plaintiff is among many thousands of persons in the United States who have filed bankruptcies pursuant to Chapter 7 of the U.S. Bankruptcy Code and who have been granted orders of discharge by a U.S. Bankruptcy Court. Under federal bankruptcy laws, such an order fully and completely discharges all statutorily dischargeable debts incurred prior to the filing of bankruptcies, except for those that have been: (1) reaffirmed by the debtor in a reaffirmation agreement; or (2) successfully challenged as non-dischargeable by one of the creditors in a related adversary proceeding. Plaintiff and the Class Members are persons for whom the debts at issue herein have been discharged through bankruptcy.

9.  Defendants are creditors regularly engaged in the business of extending credit to Plaintiff and other members of the Class.

10. In the ordinary course of business, Defendants' debtors who are enduring financial hardship fall behind on their payments on Defendants' credit accounts. Prior to the filing of any personal bankruptcies, Defendants, their collection agencies or delinquent debt companies that purchase Defendants' debt, act to collect these past due debts by threatening in dunning letters to place a "charge off" or other similar "past due" notations on the debtors' credit reports. Said letters threaten to ruin the debtors' credit unless they pay the past due debt. Defendants, their debt collectors and delinquent debt companies that purchase Defendants' debt also act to collect these past due debts by promising in dunning letters to remove the "charge off" or other "past due" notations on the debtors' credit reports to show that the past due debts have been paid if the debts are paid.

11. In the ordinary course of business, Defendants issues reports to credit reporting agencies as to the current status of debts incurred by individuals whom Defendants have extended credit. They are also entities which regularly and, in the ordinary course of business, furnish information to one or more credit reporting agencies about their transactions and experiences with consumers.

12. Defendants have knowledge of when their past due debts are discharged because it receives a discharge notice from the U.S. Bankruptcy Court. They therefore have the duty under the discharge injunction under Section 524(a)(2) of the Bankruptcy Code to promptly notify credit reporting agencies of any corrections to the information previously provided to such agencies and/or any additional information that is necessary to make the information provided by Defendants to the agencies complete and accurate.

13. Despite the fact that Defendants have received notice of the discharge of each Class Member's debt to Defendants, Defendants have a deliberate policy of not notifying credit reporting agencies that debts formerly owing to Defendants are no longer "charged off" or currently still due and owing because they have been discharged in bankruptcy. As result of Defendants' refusal to make such updates to credit reporting agencies, debts that have been discharged in bankruptcy are listed on Class Members' credit reports as "past due" and/or "charged off." These notations clearly indicate to potential creditors, employers, or other third parties that a Class Member still owes a debt and that debt may be subject to collection. These notations therefore adversely affect a Class Member's ability to obtain credit or employment and have the inherent coercive effect of inducing Class Members to make payment on the debt.

14. Many debtors whose debts have been discharged in bankruptcy have advised Defendants of their failure to update the information on their credit reports to show that their debts have been discharged to bankruptcy. Said debtors have requested that Defendants remove the past due notations from their credit reports. Defendants have refused to do so. On information and belief, Defendants have a deliberate policy of refusing the debtors' requests to remove "charge offs" and other similar "past due" notations from the Defendants' debts that were sold prior to the filing of the bankruptcy from the debtors' credit reports. As a result, the credit reports of these individuals and of all Class Members incorrectly show their indebtedness to Defendants to be collectible.

15. Upon information and belief, even in response to notices from Class Members that information contained in their credit reports was inaccurate, Defendants have refused to correct erroneous credit information.

16. Upon information and belief, Defendants also received requests from time to time from the credit reporting agencies that Defendants verify that the debt owed by Plaintiff and Class Members were discharged in bankruptcy to which Defendants responded that the debts were still due and owing, despite Defendants' knowledge that such debts have in fact been discharged in bankruptcy.

17. Defendants knew that the existence of such inaccurate information in the Class Members' credit reports would damage the Class Members' credit ratings and their ability to obtain new credit, a lease, a mortgage or employment, all of which may be essential to reestablishing their life after going through bankruptcy.

18.    Defendants have chosen not to advise the credit reporting agencies of the fact that the Class Members' debts have been discharged because Defendants continue to receive payment either directly or indirectly on discharged debts.  This results from the fact that Class Members, in order to obtain favorable credit or credit at all, often feel it necessary to pay off the debt despite its discharge in order to remove the inaccurate information from their credit reports.

19.    This belief is intentionally reinforced by Defendants themselves when Class Members contact Defendants asking them to correct the erroneous credit information.  Upon information and belief, not only do Defendants refuse to make such correction, but they advise Class Members that, so long as the discharged debt remains unpaid, the charge off will remain on their credit report for at least seven years.  Upon information and belief, when a Class Member needs to rent a car, obtain employment or rent an apartment, or other similar transactions, and they are advised by Defendants that Defendants will not remove the erroneous information unless they pay the debt, Class Members often pay that debt despite the fact that it has been discharged in bankruptcy.  Thus, Defendants know that they are obtaining repayment on debts that have been discharged in bankruptcy.

20.    Class Members often believe that they must pay the debt in order to remove it from the credit reports because they are often advised prior to bankruptcy by Defendants and collection agencies that, if their debt is marked as charged off, it will dramatically affect their credit rating and will severely impact their ability to receive credit in the future.

21.    Defendants have adopted a pattern and practice of failing and refusing to update credit information with regard to debts discharged in bankruptcy because they sell those debts and profit by the sale.  Defendants know that if the credit information is not updated many Class

6

Members will feel compelled to pay off the debt even though it is discharged in bankruptcy. Thus, buyers of Defendants' debt know, and are willing to pay more for the fact that, they will be able to collect portions of Defendants' debt despite the discharge of that debt in bankruptcy.

22. Upon information and belief, Defendants receive a percentage fee of the proceeds of each debt repaid to Defendants and forwarded to the buyer of Defendants debt. Defendants therefore have a clear economic incentive to violate the discharge injunction of § 524(a)(2).

23. In addition, Defendants are on notice that this Court and others have found that Defendants' conduct is likely in violation of § 524(a)(2). *See McKenzie-Gilyard v. HSBC Bank Nevada, N.A.,* 388 B.R. 474 (Bankr. E.D.N.Y. 2007); *Torres v. Chase Bank USA, N.A.*, 367 B.R. 478 (Bankr. S.D.N.Y. 2007); *In Re Russell*, 378 B.R. 735 (Bankr. E.D.N.Y. 2007). Despite this notice, Defendants have willfully, recklessly or negligently failed to correct their practice of failing to update credit information of Class Members to show that debts have been discharged in bankruptcy.

24. Defendants' actions constitute a violation of 11 U.S.C. § 524(a)(2), which provides that a discharge in bankruptcy operates as an injunction against the commencement or continuation of an action, the employment or process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor.

25. Defendants' conduct is in bad faith, is vexatious and oppressive and is done with full knowledge that it is in violation of the law.

26. Defendants' persistent refusal to provide updated credit information to the credit reporting agencies that Class Members' past due debts to Defendants are no longer "charged

off" or "past due" because they have been discharged in bankruptcy is knowing and willful and constitutes a contempt of the statutory injunction of § 524(a)(2).

## SPECIFIC ALLEGATIONS AS TO PLAINTIFF/DEBTOR MICHAEL ECHEVARRIA

27.     On April 30, 2013, Plaintiff/Debtor Echevarria ("Echevarria") commenced this case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the U.S. Code.

28.     On or about August 6, 2013, this Court entered an Order discharging debtor's debt including the debts to Defendants. On August 8, 2013 this Court notified Defendants of the discharge of Echevarria's debt to Defendants.

29.     Despite the fact that this debt was discharged, Defendants took no action to correct the records of the credit reporting agencies that listed Echevarria's former debt to Defendants as "charged off."

30.     On January 11, 2014, Echevarria obtained his Equifax credit report, which showed the words "charged off" next to the discharged account at issue in the current status of the credit reports. The credit report showed no indication that the account had been "included in bankruptcy." The account in question was not subject to a reaffirmation agreement with Defendants or an adversary proceeding brought by Defendants. In all respects, Mr. Echevarria's charged-off account is an example of an incorrect notation on his credit report that is suffered by all the Class Members.

## **CLASS ALLEGATIONS**

31. Plaintiff seeks to maintain this action as a class action representing a class consisting of the following:

> All individuals who, after May 3, 2007, have had a consumer credit report relating to them prepared by any of the credit reporting agencies in which one or more of their Tradeline accounts or debts with Defendants was not reported as discharged despite the fact that such debts had been discharged as a result of their bankruptcy under Chapter 7 of the Bankruptcy Code.

32. <u>Assertainability / Numerosity</u>: This Class is ascertainable in that it is comprised of individuals who can be identified by reference to purely objective criteria contained in the records of Defendants and the various credit reporting agencies. On information and belief, there are many thousands of members of the Class, and therefore would be impractical to bring all or even a substantial portion of such persons before this Court as individual plaintiffs.

33. <u>Typicality</u>: The claims of the named Plaintiff are typical of the claims of each member of the Class they seek to represent because: (1) they all had debts owed to Defendants that were discharged in Chapter 7 bankruptcy; (2) they have all been injured by Defendants' refusal to remove the notation "charged off" or "past due/charged off" or similar notations despite the fact that the debts have been discharged in bankruptcy; and (3) each of their claims is based upon the same legal theory, *i.e.*, that Defendants have violated the injunction contained in § 524(a)(2).

34. <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class he seeks to represent because: (a) he is willing and able to represent the proposed class and has every incentive to pursue this action to a successful conclusion; (b) his interest is not in any way

antagonistic to those of the other Class Members; and (c) he is represented by counsel experienced in litigating significant bankruptcy issues, including the issues specifically raised in this action, and who has represented literally hundreds of individuals who have experienced similar failures by Defendants and other institutions to comply with the injunction of § 524(a)(2).

35.     Commonality:  There are several questions of law and fact common to all members of the Class.  The primary question of law and fact that is common to all members of the class is whether Defendants, in failing and/or refusing to update and correct the credit reports of Class Members, have acted knowingly and willfully in violation of § 524(a)(2).

36.     Propriety Of Class Certification Under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023:  Class certification of all of Plaintiff's claims is appropriate under Fed. R. Civ. P. 23(b)(2) and Bankruptcy Rule 7023 because Defendants have acted and/or refused to act on grounds generally applicable to the entire class, thereby making declaratory and final injunctive relief appropriate.  Such generally applicable grounds consist of Defendants' conduct in failing and refusing to update and correct the current reports of Class Members to properly designate that the Class Members' debts have been discharged in bankruptcy pursuant to the order of this and similar courts.

37.     Propriety of Class Certification Under Fed. R. Civ. P. 23(b)(3) and Rule 7023:  Class certification of the Plaintiff's claims for willful failure to update or correct the credit reports of Class Members in violation of § 524(a)(2), is appropriate under Fed. R. Civ. P. 23(b)(3) and Bankruptcy Rule 7023.  The common question of law and fact relating to Plaintiff's claims predominate over any questions affecting only individual Members of the

10

Class.  Moreover, the class action vehicle is superior to other available methods for the fair and efficient adjudication of these claims.  For the overwhelming majority of Members of the Class, the amount of any potential recovery is too small to justify the cost of prosecuting each claim individually.  Moreover, Defendants' violation of the injunction of § 524(a)(2) is widespread and literally nationwide.  Further, requiring each Class Member to pursue his or her claim individually would entail needless duplication of effort, would waste the resources of both the parties and the Court, and would risk inconsistent adjudications.

## FIRST CAUSE OF ACTION
### Failure to Abide By the Injunction Contained In § 524(a)(2)
### (On Behalf of Plaintiff and All Class Members)

38.    The allegations set forth in paragraphs 1-39 are realleged and incorporated by reference as if fully set forth herein.  By knowingly and willfully failing to update the credit reports of Class Members to signify the debts owing to Defendants have been discharged in bankruptcy Defendants has violated § 524(a)(2) and is in contempt of this Court.

39.    Both pursuant to its inherent authority and pursuant to § 105 of the Bankruptcy Code, this Court may award appropriate declaratory and injunctive relief and award compensatory and punitive damages, attorney's fees and costs for Defendants' violation of § 524(a)(2).

**WHEREFORE**, Plaintiff respectfully prays:

1.    That the practices of Defendants be declared to be in violation of the rights of Plaintiff and Class Members under the Bankruptcy Code and a contempt of the statutory injunction set forth in § 524(a)(2).

11

2. That a permanent injunction be entered requiring Defendants to immediately correct and update the credit reporting records of all Class Members by removing any negative notations such as "charge off", "past due", "late" or any other notations that indicate that the discharged accounts have a current status of being still due and owing and update all such records on a permanent basis.

3. That the Court enter an Order certifying all the claims of the Class alleged herein pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) and Bankruptcy Rule 7023 for willful violation of the injunction set forth in § 524(a)(2).

4. That this Court order that Defendants be held in contempt of court for its willful violation of the injunction set forth in § 524(a)(2), and that it be assessed damages, fines, penalties and punitive damages in amounts to be determined by the Court.

5. That Defendants be ordered to disgorge and pay to the individual Class Members all funds received by Defendants or by any purchasers of Defendants' debt on debts that were discharged in bankruptcy or were the subject of a bankruptcy proceeding before such payment was made by the Class Members.

6. That this Court award Plaintiff and the Class the costs of this action together with reasonable attorney's fees as the Court may determine.

7. That the Plaintiff and Class Members be awarded such other and further relief as may be found appropriate and as the Court may deem just and equitable.

# DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 28, Plaintiff hereby demands a trial by jury on all issues so triable if this Court determines that any issue in this matter is appropriate for a jury trial.

DATED:  March 31, 2014            Respectfully submitted,

                                  **CHARLES JUNTIKKA & ASSOCIATES LLP**

                        By:       */s/Charles Juntikka*
                                  Charles Juntikka
                                  1250 Broadway, 24th Floor
                                  New York, NY  10001
                                  (212) 315-3755